IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>MICHAEL ANTHONY BARR and<br>NADYA IVETTE DIAZ,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 4:17-CR-0038-HLM-WEJ |

**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant Nadya Ivette Diaz's Motion to Dismiss Indictment [75].  On June 12, 2018, a grand jury in the Northern District of Georgia returned a Superseding Indictment [35] against defendants Anthony Michael Barr and Diaz, charging Diaz with conspiring to violate 18 U.S.C. § 922(g)(1) and § 2 by helping Mr. Barr possess firearms after he had been convicted of a felony (Count I); aiding and abetting his possession of six firearms on August 31, 2017 (Count 2); and aiding his possession of two firearms on April 20, 2016 (Count 8).  Defendant Diaz contends that those charges unduly burden her Second Amendment right to possess firearms.  The parties have briefed the issue.  (Diaz Br. [75]; Gov't Resp. [88]; Diaz Reply [90].)  For the reasons explained below, the

undersigned **RECOMMENDS** that Ms. Diaz's Motion be **DENIED WITHOUT PREJUDICE**.

I. **DISCUSSION**

Ms. Diaz alleges that she is not prohibited from possessing firearms, she held a valid concealed carry permit during the period at issue, and she kept her lawfully purchased firearms at the residence that she jointly owned with Defendant Barr. (Diaz Br. 1-2; see also Diaz Reply 3-4.) She argues that, as applied to her, the charges of conspiracy and aiding and abetting a felon in possession based on firearms she possessed at her home and in her car violate the Second Amendment. (Diaz Br. 1-4; see also Diaz Reply. 3-4.) Ms. Diaz contends that she was not obligated to give up her constitutional right to possess firearms in her home; rather, it was Mr. Barr's obligation as a convicted felon to stay away from guns. (Diaz Br. 4; see also Diaz Reply 3-4.) Ms. Diaz also argues that the Government is infringing upon her First Amendment right to freely associate with Mr. Barr via this prosecution, essentially forcing her to forfeit one constitutional right for another. (Diaz Br. 5.)

The Government responds that the Court cannot rule on this issue at this stage of the litigation because the relevant facts are in dispute—namely whether Ms. Diaz simply possessed firearms herself or whether she conspired with Mr. Barr

for him to possess them despite his status as a felon. (Gov't Resp. 2.) The Government also contends that even a streamlined analysis of the issue reveals that the laws at issue are presumptively valid and the regulated conduct, i.e., providing firearms to a convicted felon, is not within the ambit of rights protected by the Second Amendment. (Id.)

Plaintiff cites District of Columbia v. Heller, 554 U.S. 570 (2008), in support of her argument that, as applied, the charges of aiding and abetting a felon in possession under 18 U.S.C. § 922(g)(1) and § 2 violate her Second Amendment right to keep and bear arms. Analysis of an as-applied challenge begins with the elements of the challenged statutes. Section 922(g)(1) makes it unlawful, inter alia, for a felon to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). Section 2 allows a person who aids or abets in the violation of a crime to be punished as a principal. Id. § 2. In Heller, the Supreme Court addressed whether a District of Columbia law prohibiting the possession of handguns, including functional handguns in the home, violated the Second Amendment. 554 U.S. 570. Finding that it did, the Heller court focused on "the right of *law-abiding*, responsible citizens to use arms in defense of hearth and home," but specifically explained that "nothing in [the] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." Id. at 626 (emphasis added).

3

The Court cannot rule on Ms. Diaz's as-applied challenge at this stage of the litigation because whether Ms. Diaz possessed the firearms solely for her own use or conspired to aid and abet Mr. Barr's possession of them, as the Government contends, is directly in dispute. Prosecution under the second scenario would not violate Ms. Diaz's Second Amendment right to keep and bear arms for her personal use or force her to choose between her Second and First Amendment rights. According to the Government, it will present witnesses at trial who will testify that Mr. Barr frequently was armed when he was with Ms. Diaz,[1] and one witness will testify that he sold ammunition to the pair. (Gov't Br. 5.) Likewise, the Government alleges it will prove that Mr. Barr arranged for repair of a firearm purchased by Diaz and accompanied her to take two weapons for service. (Id.; see also Super. Indict. Count 1.) The Government also intends to prove that six of the firearms purchased by Ms. Diaz during the alleged conspiracy, along with firearms boxes pertaining to additional guns, were recovered from defendants' joint residence on August 31, 2017, while she was absent therefrom. (Gov't Resp. 4-5; see also Super. Indict. Counts 1 & 2.) Finally, the Government cites to evidence

---

[1] The Government has submitted with its response an undated photo depicting Mr. Barr and Ms. Diaz posing together with rifles. (Gov't Resp. 4.)

4

recovered from a storage unit, including a firearm purchased by Ms. Diaz along with paperwork in the name of Mr. Barr's alias—C.F. (Gov't Resp. 5; see also Super. Indict. Count 1.)

Based on the above evidence, the undersigned **REPORTS** that the allegations of conspiracy and aiding and abetting by Ms. Diaz in violation of 18 U.S.C. § 922(g)(1) and § 2 are adequately plead in the Superseding Indictment. It does not appear that the Government is prosecuting Ms. Diaz for the lawful purchase and possession of firearms for her personal use, but rather for conspiring with Mr. Barr and aiding and abetting his possession of weapons despite his status as a felon. The Court therefore cannot rule on Ms. Diaz's as-applied conditional challenge at this stage of the litigation as the facts clearly are in dispute. Accordingly, the undersigned **RECOMMENDS** that Ms. Diaz's Motion to Dismiss Indictment be **DENIED WITHOUT PREJUDICE**.

## II.    CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Ms. Diaz's Motion to Dismiss Indictment [75] be **DENIED WITHOUT PREJUDICE**.

5

**SO RECOMMENDED**, this 20th day of November, 2018.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE