IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA,

v.

CIVIL ACTION FILE NO.
4:17-CR-00038-02-HLM-WEJ

NADYA IVETTE DIAZ,

Defendant.

ORDER

This case is before the Court on the Motion to Dismiss Indictment filed by Defendant Nadya Ivette Diaz ("Ms. Diaz") [75], as well as on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [91] and Ms. Diaz's Objection to the Non-Final Report and Recommendation [98].

## I. Standard of Review

When reviewing a magistrate judge's report and recommendation, 28 U.S.C. § 636 requires the district court to conduct "a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a de novo review of the report and recommendation if a party files a "proper, specific objection" to a factual finding contained therein. Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); United States v. Gaddy, 894 F.2d 1307, 1315 (11th Cir. 1990).

If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. Appx. at 784. Legal

conclusions, of course, are subject to <u>de novo</u> review even if no party specifically objects. <u>United States v. Keel</u>, 164 F. Appx. 958, 961 (11th Cir. 2006); <u>United States v. Warren</u>, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On June 12, 2018, a grand jury in the Northern District of Georgia returned a nine-count Superseding Indictment against Defendant Anthony Michael Barr ("Mr. Barr") and Ms. Diaz. (Superseding Indictment (Docket Entry No. 35).) The indictment charged both Defendants with knowingly and willfully conspiring, in violation of 18 U.S.C. § 371, for Mr. Barr to possess firearms after being convicted of a felony, in violation of 18 U.S.C. §§ 2 and 922(g)(1). (<u>Id.</u>)

Ms. Diaz filed a Motion to Dismiss Indictment on (Mot. to Dismiss (Docket Entry No. 75).) On November 20, 2018, Judge Johnson issued his Non-Final Report and Recommendation, recommending that the Court the Motion. (Non-Final Report & Recommendation (Docket Entry No. 91).) Ms. Diaz filed her Objection to the Non-Final Report and Recommendation on December 4, 2018. (Obj. (Docket Entry No. 98).) The Court therefore finds this matter ripe for resolution.

## III. Discussion

Ms. Diaz contended in her Motion that the government's charges, as applied to her, violate her rights under the Second Amendment of the United States Constitution. (Mot. to Dismiss at 1-4.) Ms. Diaz alleges that

4

AO 72A (Rev.8/8 2)

she is not herself prohibited from possessing firearms, and that she kept her lawfully purchased firearms at the residence that she jointly owned with Mr. Barr. Ms. Diaz argues that she was not obligated to forego her constitutional right to possess firearms in her home, but rather it was Mr. Barr's duty as a convicted felon to stay away from firearms. (Id.) Thus, according to Ms. Diaz, the charges against her violate the Second Amendment by punishing her merely for possessing firearms in her residence. (Id.)

Judge Johnson concluded, however, that the Court "cannot rule on Ms. Diaz's as-applied challenge at this stage . . . because whether Ms. Diaz possessed firearms solely for her own use or conspired to aid and abet Mr. Barr's

5

possession of them, as the Government contends, is directly in dispute." (Non-Final Report & Recommendation at 4.) He further found that "[p]rosecution under the second scenario would not violate Ms. Diaz's Second Amendment right to keep and bear arms for her personal use . . . ." (Id.) Judge Johnson therefore recommended that the Court deny Ms. Diaz's Motion without prejudice. (Id. at 5.)

Ms. Diaz raises only one objection to the Non-Final Report and Recommendation. She contends: "Assuming, *arguendo*, that the magistrate judge is correct that [the Court] cannot decide the motion because of disputed facts, the motion should not be denied without prejudice. Instead, it should be listed as a pending motion and deferred to the district court for resolution once the facts are presented."

6

AO 72A
(Rev.8/8
2)

(Obj. at 2.) Ms. Diaz intends to preserve "all arguments presented to the magistrate judge," regardless of whether the Court denies her Motion. (Id.)

The Court agrees with Judge Johnson that, because key facts are directly disputed, it cannot resolve Ms. Diaz's as-applied challenge at this time. The Court further agrees with Judge Johnson that the appropriate procedure is to deny Ms. Diaz's Motion without prejudice. Accordingly, the Court will adopt Judge Johnson's recommendation and overrule Ms. Diaz's objection.

The Court finds that Judge Johnson accurately summarized the Second Amendment law applicable to this case. In particular, Judge Johnson correctly found that, under District of Columbia v. Heller, 554 U.S. 570 (2008),

7

the Second Amendment does not "cast doubt on longstanding prohibitions on the possession of firearms by felons." (Non-Final Report & Recommendation at 3 (quoting Heller, 554 U.S. at 626.) Thus, prosecuting Ms. Diaz for "conspir[ing] to aid and abet Mr. Barr's possession of [firearms], as the Government contends," does not violate the Second Amendment. (Id. at 4.) Because this factual issue remains in dispute, the Court cannot resolve Ms. Diaz's as-applied challenge to the charges against her at this stage of the proceedings.

The Court also will deny Ms. Diaz's Motion without prejudice, as Judge Johnson recommended, rather than defer the Motion. Federal Rule of Criminal Procedure 12 provides that a defendant "may raise by pretrial motion any

8

defense . . . that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). The Court cannot resolve Ms. Diaz's defense without a trial, however, and it therefore must deny her pretrial motion. Having preserved her arguments, Ms. Diaz may renew her Second Amendment defense both during and after trial.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States District Judge Walter E. Johnson [91], **OVERRULES** Ms. Diaz's Objection thereto [98], and **DENIES** Ms. Diaz's Motion to Dismiss Indictment [75].

IT IS SO ORDERED, this the 18 day of December, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)