FILED IN OPEN COURT
U.S.D.C ATLANTA
Date: Apr 23 2021
JAMES N. HATTEN, Clerk
By: /s/Benjamin G. Thurman
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NADYA IVETTE DIAZ | Criminal Action No.<br><br>4:17-CR-38-MLB-WEJ |

### PRELIMINARY ORDER OF FORFEITURE

Nadya Ivette Diaz was found guilty on Counts One and Eight of the Second Superseding Indictment, pursuant to which the United States sought forfeiture of certain property under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). This Court has determined that the property described below is subject to forfeiture pursuant thereto and that the Government has established the requisite nexus between said property and the offenses charged in Counts One and Eight of the Second Superseding Indictment.

ACCORDINGLY, IT IS HEREBY ORDERED that Nadya Ivette Diaz shall forfeit to the United States the following property pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c):

a. Romarm rifle, model Draco-C, .762 caliber, serial no. 1972DI4746;

b. Christensen Arms rifle, model CA-15, .223 caliber, serial no. CA04150;

c. Taurus pistol, model Judge Public Defender, .45 caliber, serial no. CU876849;

 d. Windham Weaponry rifle, model WW-308, 308 caliber, serial no. RD008917;

 e. Ruger pistol, model LCP, 380 caliber, serial no. 371641932;

 f. Remington Shotgun, model 870, 20-gauge, serial no. B091007U;

 g. Glock pistol, model 23, .40 caliber, serial no. WKE752;

 h. Glock pistol, model 41, .45 caliber, serial no. XLS219;

 i. Glock pistol, model 43, 9mm caliber, serial no. BASE730;

 j. Smith & Wesson revolver, model 642-2, .38 caliber, serial no. CWS5372.

IT IS HEREBY ORDERED that upon entry of this order, the United States Attorney General, or his designee, is authorized to seize the property in accordance with Fed. R. Crim. P. 32.2(b)(3).

The United States shall publish notice of this Order and its intent to dispose of the property in accordance with Fed. R. Crim. P. 32.2(b)(6) and in such a manner as described in Supplemental Rule G(4)(a)(iii) and (iv) of the Federal Rules of Civil Procedure. The United States shall send written notice, in accordance with Supplemental Rule G(4)(b)(iii)-(v), to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the above-listed property in the ancillary proceeding.

Pursuant to 21 U.S.C. § 853(n)(2), as incorporated by 28 U.S.C. § 2461(c) any person, other than the named Defendant, asserting a legal interest in the property may within thirty days of the final publication of the notice or their receipt of the notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property and for an

amendment to the order of forfeiture. Any petition filed by a third party asserting an interest in the property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstance of the petitioner's acquisition of the right, title, or interest, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of the third-party petitions. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS FURTHER ORDERED that, pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture is hereby final as to the Defendant but remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c).

SO ORDERED this 23rd day of April, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

Submitted by:

Jessica C. Morris
Assistant United States Attorney